UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN MICHAEL SNIDER,            )
                                )
                                )
            Plaintiff,          )
                                )
v.                              )        No. 3:24-CV-394-TRM-JEM
                                )
JOSEPH ROBINETTE BIDEN, JR., in his )
official capacity as President of the United )
States,                         )
                                )
            Defendant.          )

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and

Standing Order 13-02.

Now before the Court is the Motion for Extension of Time [Doc. 8], filed by the United

States on behalf of Joseph Robinette Biden, Jr., in his official capacity as President of the United

States. The Court will adjudicate this matter prior to receiving a response in light of the deadline

to serve Defendant. *See* E.D. Tenn. L.R. 7.2 ("Under exceptional circumstances, the Court may

act upon a motion prior to the expiration of the response time."). For the reasons explained below,

the Court **GRANTS** the motion [**Doc. 8**].

Plaintiff filed his Complaint [Doc. 1] on September 30, 2024, which means that his

deadline to serve Defendant is December 30, 2024. *See* Fed. R. Civ. P. 4(m) (providing ninety

days for service); *see also* Fed. R. Civ. P. 6(a) (providing rules for computation of time). Plaintiff

did not issue a summons with the filing of his Complaint. On October 21, 2024, Plaintiff filed the

Evidence of Service [Doc. 7], which shows that he personally hand-delivered a copy of the

Complaint to the United States Attorney's Office for the Eastern District of Tennessee [Doc. 7 pp. 2–3]. Plaintiff served the United States Attorney General by certified registered mail [*Id*. at 4].

The United States seeks "entry of an order requiring Plaintiff to effectuate service of process on the Defendant pursuant to Fed. R. Civ. P. 4(i)(2) within thirty (30) days" [Doc. 8 p. 1]. "Upon effective service and pursuant to the Federal Rules of Civil Procedure," the United States requests sixty days to respond "after Plaintiff files proof of proper service in accordance with Fed. R. Civ. P. 4(*l*)(1)" [*Id*.]. For grounds, the United States submits that Plaintiff has not complied with Rule 4(c)(2) and has not served process in accordance with Rule 4(a)(1) and (i)(2) [*Id*. ¶¶ 2–4].

Rule 4(a)(1) of the Federal Rules of Civil Procedure sets forth the requirements for the content of the summons. Fed. R. Civ. P. 4(a)(1)(A)–(G). It must include

> (A)   name the court and the parties;
>
> (B)   be directed to the defendant;
>
> (C)   state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
>
> (D)   state the time within which the defendant must appear and defend;
>
> (E)   notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
>
> (F)   be signed by the clerk; and
>
> (G)    bear the court's seal.

Fed. R. Civ. P. 4(a)(1)(A)–(G). Rule 4(c)(2) states, "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

Rule 4(i) explains how to serve the United States, its agencies, and its employees. Fed. R. Civ. P. 4(i)(1) & (2). It states:

2

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2). It further provides:

> **(1)** ***United States.*** To serve the United States, a party must:

>> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

>> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

>> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

>> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)–(B).

Plaintiff has not complied with these requirements. *See* Fed. R. Civ. P. 4(a)(1), (c)(2), and (i)(1)–(2). But Rule 4(i)(4)(A) states that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States[.]" Fed. R. Civ. P. 4(i)(4)(A); *Byrd v. Comm'r*, No. 1:09-CV-102, 2009 WL 3100448, at *1 (E.D. Tenn. Sept. 23, 2009) ("[T]he Court is required, under Fed. R. Civ. P. 4(i)(4)(A), to allow Plaintiff additional time to cure her failure since she has served the United States attorney."); *see also* Fed. R. Civ. P. 4(m) (allowing extensions to serve based on a showing of good cause).

The Court therefore **GRANTS** the motion [**Doc. 8**]. Plaintiff **SHALL** serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure on or before **January 6, 2025**. Plaintiff **SHALL** file proof of service in accordance with Rule 4(*l*). Defendant **SHALL** file a response to the Complaint sixty days after Plaintiff files proof of proper service.

     **IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge